IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 DEC 22 P 2:28

ELLA SARGENT a/k/a                                )
ELLA TATE, being one in the same person )
    Plaintiff,                                          )
                                                                  )
vs.                                                              )   Case No. 3:05CV1218-F
                                                                  )
HAROLD COCHRAN, individually, and   )
STATE FARM FIRE AND CASUALTY    )
COMPANY,                                               )
                                                                  )
    Defendants.                                     )

## NOTICE OF REMOVAL

COMES NOW Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm Fire") and gives notice of removal of the above-styled action from the Circuit Court of Tallapoosa County, Alabama, Alexander City Division to the United States District Court for the Middle District of Alabama, Eastern Division. Defendant Harold Cochran, as yet unserved, consents to the removal. As grounds for the removal of this action, Defendant avers the following:

1. Upon information and belief Plaintiff Ella Sargent a/k/a Ella Tate was and is a citizen of the State of Alabama residing in Tallapoosa County, Alabama.

2. Defendant State Farm Fire and Casualty Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Defendant State Farm Fire is a citizen of the State of Illinois.

3. Defendant Harold Cochran is a citizen of the State of Alabama residing in Tallapoosa County, Alabama. Defendant State Farm, however, contends that Cochran was fraudulently joined to this action. The Complaint filed by Plaintiff alleges claims for negligent procurement of the

policy and breach of contract. Plaintiff has demanded compensatory and punitive damages. Defendant Cochran has filed contemporaneously with this Notice of Removal, a Consent to Removal. Upon service of the Complaint, Defendant Cochran will be filing a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Defendant Cochran should be dismissed as a matter of law, therefore maintaining the requirement of diversity of citizenship pursuant to 28 U.S.C. § 1441. The Eleventh Circuit has recognized that a defendant has been fraudulently joined if there is no possibility the plaintiff can prove any cause of action against the resident under prevailing law. *Cabalceta v. Standard Fruit Co.*, 883 F. 2d 1553, 1556 (11th Cir. 1989); *Insigna v. LaBella*, 845 F. 2d 249, 254 (11th Cir. 1989). The determination of whether the resident defendant has been fraudulently joined is made based upon the plaintiff's pleadings at the time of removal. *Id.*; see also *Pullman Co. v. Jenkins*, 305 U.S. 534 537; 59 S.Ct. 347, 359; 83 L.Ed. 334 (1939). The District Court can consider submitted affidavits, deposition transcripts and other evidence to determine whether fraudulent joinder has occurred. *Coker v. Amoco Oil. Co.*, 709 F. 2d 1433, 1440 (11th Cir. 1983).

4. Defendant State Farm Fire was served in this action on November 22, 2005, by Complaint alleging claims for negligent procurement and breach of contract. A copy of the Complaint is attached hereto as Exhibit "A." As of the date of this filing Defendant Harold Cochran has not been served.

5. Other than the filing of the Complaint identified as Exhibit "A," no other proceedings have taken place in state court as to the subject matter of Exhibit "A."

6. This action is subject to removal on the basis of diversity of citizenship in that Plaintiff was and is a resident and citizen of the State of Alabama and Defendant State Farm Fire and

Casualty Company is a corporation with its principal place of business in the State of Illinois.

7. Defendant maintains that removal of the action initiated by Plaintiff is justified. This is a separate and independent claim which would be removable on its own right. See *Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538 F. Supp. 488 (D.C. Cal. 1981). The action being removed is removable due to diversity based on 28 U.S.C. § 1441 (a).

8. In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis that the jurisdictional amount in controversy could possibly be met. In her Complaint, Plaintiff seeks "compensatory damages in excess of $50,000.00" plus an "award [of] punitive damages in an amount that [the jury] deem[s] appropriate to punish Defendants for their wrongdoing and to deter other from similar misconduct." (Exhibit "A," Complaint, prayer for relief). The fact that the claim is actually in excess of the jurisdictional amount is found in the FACTS section of the Complaint at ¶ 6. Paragraph 6 states in its entirety, "[o]n or about July 11th 2005 PLAINTIFF'S home burned and was a **total loss**." (Exhibit "A," Complaint, ¶ 6, emphasis added). Though not specifically addressed in the Complaint, it is clear that Plaintiff is seeking benefits under her policy of insurance which contains policy limits on the date of loss of $146,000 for the dwelling and $112,457 for the contents. A copy of the policy information sheet showing the coverage limits on the date of loss is attached hereto as Exhibit "B" along with the Declarations page from the certified policy.

9. In *De Aguilar v. Boeing Co.*, 11 F. 3d 55 (5th Cir. 1993), the court held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a **preponderance of the evidence** that the amount in controversy exceeds $50,000

[$75,000]. *Id.* at 58. (emphasis added) (citations omitted). In determining whether the requisite amount in controversy exists to support federal jurisdiction, it is well settled that "the defendant bears the burden, **albeit the light burden**, of showing that the required amount is in controversy. To do so, defendants must show only that it **does not** appear to a legal certainty that the claim is for less than the jurisdictional amount." *Locklear v. State Farm Mut. Automobile Ins. Co.*, 742 F. Supp. 679, 680 (S.D. Ga. 1989 (citing *St. Paul mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). (emphasis added). , 5 F. 3d 81, 84 (5th Cir. 1993). This analysis comports with the preponderance of evidence standard put forth in *De Agilar, supra.*

10.   Plaintiff's Complaint is "indeterminate" because Plaintiff did not set forth the amount of a compensatory damage claim other than to state was "in excess of $50,000." The issue of removal is determined on the basis of the Complaint before the court at the time of the removal. *Cabalceta v. Standard Fruit Co.*, 883 F. 2d 1553, 1561 (11th Cir. 1989). "'An indeterminate complaint does not show that the case is not removable. It simply does not comment on federal jurisdiction.' *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986). In such cases, the Court has the 'duty to independently determine the propriety of jurisdiction.' *Id.* at 575." The Complaint, as worded, has stated an amount that Plaintiff purports to be the lowest amount she is seeking but clearly has opened the door for a determination that damages will exceed the $75,000 jurisdictional limit. A breach of contract claim for a "total loss", (Exhibit "A," Complaint, ¶ 6), and an additional allegation that she "has not been compensated for her loss, (Exhibit "A," Complaint, ¶ 12), supports a finding that policy limits are being sought though not specifically stated. A claim for policy limits places this matter over the jurisdictional limit.

11.   This petition is filed with this Court within 30 days of service of process on

Defendant State Farm.

12. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and since Defendant State Farm Fire is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

13. Notice of the Defendant's removal of the above-styled action has been given to the Clerk of the Circuit Court of Tallapoosa County, Alabama, and to the Plaintiff, as required by 28 U.S.C. § 1446(d). See Exhibit "C" attached hereto.

WHEREFORE, Defendant State Farm, with the consent of the Defendant Cochran who remains unserved, has removed this action from the Circuit Court of Tallapoosa County, Alabama, Alexander City Division to the United States District Court for the Middle District of Alabama, Eastern Division.

_____
**MICHAEL B. BEERS [BEERM4992]**
**CONSTANCE T. BUCKALEW [BUCKC3785]**
**ANGELA C. TAYLOR [TAYLA2713]**
BEERS, ANDERSON, JACKSON, PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
TELEPHONE: (334) 834-5311
FACSIMILE: (334) 834-5362
Counsel for Defendant State Farm Fire and Casualty Company and Harold Cochran

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Timothy B. Davis, Esq.
**DAVIS & DAVIS, LLC**
Post Office Box 1778
Alexander City, Alabama 35011-1778

L. Lee Sims, Esq.
126 North Broadnax Street
Dadeville, Alabama 36853

on this the 22nd day of DECEMBER, 2005.

_____
Of Counsel