IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 DEC 22 P 4: 35

ELLA SARGENT a/k/a )
ELLA TATE, being one in the same person )
    Plaintiff, )
)
vs. )  Case No. 3:05CV1218-F
)
HAROLD COCHRAN, individually, and )
STATE FARM FIRE AND CASUALTY )
COMPANY, )
)
    Defendants. )

## ANSWER FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY

COMES NOW Defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm") and for Answer to the Complaint and each count thereof, separately and severally, heretofore filed in this cause, defends, separately and severally, as follows:

### FIRST DEFENSE

Defendant State Farm alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant State Farm pleads the general issue and denies each and every material allegation of the Complaint not herein admitted and demands strict proof thereof.

### THIRD DEFENSE

Defendant State Farm affirmatively avers that Plaintiff's policy of insurance is the the best evidence of its contents and is pled herein as though copied herein in its entirety. Defendant State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the

terms, conditions, exclusions or limitations of said policy.

### FOURTH DEFENSE

Defendant State Farm avers that it is not estopped from asserting any conditions precedent, conditions subsequent, or coverage as affirmative defenses to the Plaintiff's claims.

### FIFTH DEFENSE

Defendant State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to the Plaintiff's claims.

### SIXTH DEFENSE

Defendant State Farm denies that its agent negligently and/or recklessly prepared and submitted the application.

### SEVENTH DEFENSE

Defendant State Farm denies that it or its agent have breached any duty owed to Plaintiff.

### EIGHTH DEFENSE

Defendant State Farm denies that it was the actual and proximate cause of the alleged loss or injury.

### NINTH DEFENSE

Defendant State Farm affirmatively denies that it has breached the contract of insurance as alleged and demands strict proof thereof.

### TENTH DEFENSE

Defendant State Farm denies that Plaintiff complied with the terms and conditions of her policy.

### ELEVENTH DEFENSE

Defendant State Farm denies that it failed or refused to adjust the claim.

### TWELFTH DEFENSE

Defendant State Farm denies that it failed to act on the claim submitted.

### THIRTEENTH DEFENSE

Defendant State Farm denies that Plaintiff suffered economic loss due to its actions and demands strict proof thereof.

### FOURTEENTH DEFENSE

Defendant State Farm denies that Plaintiff suffered any financial hardship due to its actions and demands strict proof thereof.

### FIFTEENTH DEFENSE

Defendant State Farm denies that Plaintiff suffered any extreme mental anguish due to its actions and demands strict proof thereof.

### SIXTEENTH DEFENSE

Defendant State Farm affirmatively pleads Plaintiff failed to mitigate damages.

### SEVENTEENTH DEFENSE

Defendant State Farm denies that Plaintiff was injured to the nature and extent claimed and contests damages.

### EIGHTEENTH DEFENSE

Defendant State Farm denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

### NINETEENTH DEFENSE

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### TWENTIETH DEFENSE

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### TWENTY-FIRST DEFENSE

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### TWENTY-SECOND DEFENSE

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

### TWENTY-THIRD DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)   It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-SIXTH DEFENSE

Any award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

### TWENTY-SEVENTH DEFENSE

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 *Ala. Code* (1975), and is barred.

### TWENTY-EIGHTH DEFENSE

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c) It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d)    It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

### TWENTY-NINTH DEFENSE

Defendant State Farm avers that the amended version of Alabama Code § 6-11-21 (1975), enacted in June, 1999, is applicable to the award of any punitive damages in this matter.

### THIRTIETH DEFENSE

Defendant State Farm affirmatively pleads the defense of misrepresentation during the application process pursuant to § 27-14-7, Code of Alabama (1975).

/s/ Constance T. Buckalew
MICHAEL B. BEERS [BEE006]
CONSTANCE T. BUCKALEW [BUC015]
ANGELA C. TAYLOR [TAY062]
Counsel for Defendant
State Farm Fire and Casualty Company

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
TEL: (334) 834-5311
FAX: (334) 834-5362

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY** has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Timothy B. Davis, Esq.
**DAVIS & DAVIS, LLC**
Post Office Box 1778
Alexander City, Alabama 35011-1778

L. Lee Sims, Esq.
126 North Broadnax Street
Dadeville, Alabama 36853

on this the 22nd day of DECEMBER, 2005.

_Constance V. Buckalew_
Of Counsel

-8-