IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ELLA SARGENT aka
ELLA TATE,

      Plaintiff,

v.

                            Case No.: 3:05-CV-1218

STATE FARM FIRE &
CASUALTY COMPANY,
and HAROLD COCHRAN,

      Defendants.

## PLAINTIFF'S MOTION TO REMAND

COMES NOW Plaintiff, Ella Sargent aka Ella Tate, and moves this Court to remand this action pursuant to 28 U.S.C. Section 1447(c) to the Circuit Court of Tallapoosa County, Alabama at Alexander City, Alabama where this action was filed and in support thereof, the Plaintiff would state as follows:

1. This action was filed on November 17, 2005, in the Circuit Court of Tallapoosa County, Alabama at Alexander City, Alabama.

2. The Plaintiff, in her original Complaint, asserted state law claims for breach of contract, wantonness, negligence, negligently and recklessly preparing and submitting the application for insurance to State Farm Fire & Casualty Company. More specifically the Plaintiff alleges the following in her complaint: (see Exhibit A.)

## **Factual Allegations**

A.  On or about January 3, 2005, Plaintiff contacted Cochran at his agency in Alexander City, Alabama for the purposes of acquiring homeowner's insurance on her home at Route 1, Box 103, Equality, Alabama.

B.  On or about January 3, 2005, Cochran came to the home of Plaintiff in Equality, Alabama for an inspection of the home and premises for the purposes of writing insurance.

C.  Thereafter Cochran filled in an application for insurance, which he submitted to State Farm with Plaintiff as the sole named insured on the policy which provided homeowner's coverage for her home at Route 1 Box 103, Equality, Alabama, to wit: Policy 01-GL-6766-3.

D.  On or about July 11th, 2005 Plaintiff's home burned and was a total loss.

E.  After first giving State Farm timely notice of the loss, Plaintiff filed a claim for homeowner's benefits pursuant to her policy with State Farm.

F.  Thereafter Plaintiff timely filed a proof of loss statement, submitted to a sworn deposition, and has otherwise fully complied with all terms and conditions of her policy with State Farm. To date, State Farm has failed and/or refused to pay said claim.

G. By letter to the Plaintiff in care of her attorney, L. Lee Sims,

State Farm informed the Plaintiff that it's investigation revealed that

there was a material misrepresentation on the part of the Plaintiff

at the time of the application for the policy, and that said

misrepresentation voided coverage for the policy and her claim.

(See Exhibit B.)

## ARGUMENT

3. On or about December 22, 2005, the Defendant State Farm Fire & Casualty Company filed a Notice of Removal improperly removing the action to the United States District Court for the Middle District of Alabama, Eastern Division.

4. The Defendants' removal was based on the assertion that the matter in controversy exceeded the sum of $75,000.00, exclusive of interest and costs and that the citizenship of Harold Cochran should be ignored on the basis that Plaintiff had fraudulently joined Harold Cochran as a Defendant.

5. Alabama common law and statutory law recognizes state law causes of action for negligence, wantonness, recklessness and breach of contract.

6. The Plaintiff in her complaint has set out facts, which would support the causes of action alleged in her complaint. It is not appropriate for the Defendant to discuss issues regarding the merits of the claim at this stage of the case.

7.  Harold Cochran is a resident citizen of the State of Alabama as admitted by the Defendant, State Farm Fire & Casualty Company.

8.  When a case is removed on the basis of diversity of citizenship under 28 U.S.C. Section 1441 and 1332, the Defendant who removes the action has the burden of establishing that jurisdiction lies in the federal courts. *Alexander v. Electronic Data Systems*, 13 F.3$^{rd}$940 (6th Circuit 1994)  A removal under 28 U.S.C. Section 1441(a) must be construed narrowly with all doubts concerning the Court's jurisdiction to be construed against the removing party and in favor of remand of the action. *Diaz v. Shepard*, 85 F.3d 1502 (11th Cir. 1996) and *Breck v. Prudential Ins. Co. of America*, 845 F. Supp. 829 (M.D. Ala. 1993).

9.  Remand is favored where federal jurisdiction is not absolutely clear.

10. The Defendant's basis for alleging that Harold Cochran was fraudulently joined is its contention that it will prevail on a motion to dismiss or motion for summary judgment once the merits of the case and the Plaintiff's allegations are considered.  That is precisely what the Defendant attempts to do when it argues that the Plaintiff's. cause of action for negligence and recklessness were unreasonable as a matter of law.  The Defendant has failed to meet the test applicable to determining whether fraudulent joinder is a sufficient basis for finding federal jurisdiction.

    The Defendants must establish by clear and convincing evidence that the Plaintiff has no possibility of establishing a "cause of action" against the resident Defendant. *Cabelceta v. Standard Fruit Co.*, 883 F. 2d 1553 (11th

Cir. 1989); *Lane v. Champion Int'l. Corp.*, 827 F. Supp. 701 (M.D. Ala.

1993); *Parker v. Crete Carrier Corp.*, 914 F. Supp 156 (E.D. Ky. 1996).

11. The burden to prove fraudulent joinder is a heavy one, and the removing
Defendant must prove that there is no possible claim or cause of action the
Plaintiff has stated in her Complaint. *Green v. Amerada Hess Corp.*, 707 F.2d
201 (5th Cir. 1993) *reh'g denied*, 714 F.2d 137; *cert. Denied*, 104 Sup. Ct.
701.

12. Though the Plaintiff does not have the burden to argue the facts or merits of
the case, the Plaintiff would ask the court to consider that the sole basis for the
denial of the claim by State Farm is it's contention that certain material
misrepresentations were made in the application.  The Plaintiff contends that
the application was prepared and submitted by Harold Cochran to State Farm.
One of the causes of action brought by the Plaintiff is that Cochran acted
negligently and/or with reckless disregard of the consequences to the Plaintiff
in his preparation and submission of the application to State Farm. The
Plaintiff has thereby stated a viable cause of action.

13. The truth of these allegations brought in her complaint by the Plaintiff can only
be determined by the trier of facts and cannot be determined as a matter of law.
As stated earlier, Alabama recognizes a cause of action for negligence and/or
recklessness as alleged independently and directly against Cochran.

14. The test is whether the Plaintiff has stated a cause of action, not whether the Plaintiff will prevail. If the Court accepted the Defendants' argument, the Court would have to determine whether the Plaintiff can win the case before it determined whether the resident Defendant had been fraudulently joined for the purposes of avoiding federal court jurisdiction.

15. The Defendant State Farm Fire & Casualty Company has done nothing more than make conclusory allegations that the Plaintiff cannot win on any of her causes of action. The Defendant, State Farm Fire & Casualty Company is attempting to have this Court enter a "summary judgment" without the parties having the benefit of any discovery to test the merits of the Plaintiff's claims and the Defendants' defenses.

16. The test to determine whether Harold Cochran has been fraudulently joined is to look to see whether there is **no possibility that the Plaintiff can establish a cause of action against the resident Defendant <u>and</u> to see whether the Plaintiff has fraudulently pled jurisdictional facts in order to bring a resident Defendant into a state court lawsuit.** See *Cabelceta v. Standard Fruit Co.,* 883 F.2d 1553 (11th Cir. 1989)(emphasis added).

17. All ambiguities and questions of fact must be resolved in the Plaintiff's favor. The Plaintiff's motive in joining the resident Defendant is immaterial if the Plaintiff asserts a good faith cognizable cause of action against the resident Defendant upon a reasonable basis grounded in state law. See *Chares v. Olan*

*Corp.,* 543 F.Supp. 771 (D.C. Ala. 1982); and *Dollar v. General Motors Corp.,* 814 F. Supp. 538 (E.D. Tex. 1993). In fact, the old Fifth Circuit in 1968 recognized that a Florida resident who sued a resident agent of a nonresident manufacturer established a reasonable possibility of the Florida courts recognizing a misrepresentation claim allegedly made by the agent though at the time the Florida courts did not have a cognizable cause of action under that theory. *Bobby Jones Garden Apts., Inc. v. Suleski,* 391 F.2d 172 (5th Cir. 1968).

18. The question is not whether the Plaintiff will prevail in her cause in determining whether this action should be remanded. Rather, the test is whether the Plaintiff has stated a cause of action against the resident Defendant for the allegations made in the Complaint. *American Brahmental Assn. v. American Simmental Assn.,* 443 F. Sup. 163 (D.C. Tex. 1977). A defendant is not fraudulently joined if the claim and recovery is debatable even if the state court might dismiss the claim on summary judgment or not award damages.

19. The Plaintiff has suffered discernible injury. This is underscored by the fact that Plaintiff insured her home with State Farm Fire & Casualty Company and the home has burned and is a total loss.

20. The Plaintiff has stated a cause of action against both Defendants and the merits of Plaintiff's claim should not be considered at this stage, but rather the Court's focus should be on whether the case was properly removed and whether the Court has appropriate jurisdiction based on the asserted reason, i.e. that Harold Cochran was fraudulently joined.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for an order remanding this action to state court pursuant to 28 U.S.C. Section 1447 (c) and for such other and further relief which may be just and proper under the circumstances.

L. LEE SIMS (SIM026)
Attorney for Plaintiff

TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

L. Lee Sims, P.C.
126 N. Broadnax Street
Dadeville, Alabama 36853
(256) 825-9310

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing MOTION FOR REMAND, upon all parties to this action by depositing the same in the United States mail, properly addressed as follows, with first class postage prepaid on this the _11_ day of January, 2006.

Michael B. Beers
Constance T. Buckalew
Angela C. Taylor,
Counsel for Defendants
State Farm Fire and Casualty Company
PO Box 1988
Montgomery, AL 36102-1988

Harold Cochran, pro se
2048 Cherokee Road
Alexander City, AL 35010

OF COUNSEL