IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**ELLA SARGENT a/k/a**
**ELLA TATE,**
        **Plaintiff,**

v.                                  **Case No.:  3:05-CV-1218**

**STATE FARM FIRE &**
**CASUALTY COMPANY,**
**and HAROLD COCHRAN,**

        **Defendants.**

## MOTION TO REMAND FOR PROCEDURAL DEFECT

COMES NOW the Plaintiff, Ella Sargent, in the above referenced matter and pursuant to 28 U.S.C. § 1447(c), respectfully request that this Honorable Court remand this case to the Tallapoosa County Circuit Court and for grounds would show the court that the notice of removal filed by the defendant, State Farm Fire & Casualty, is procedurally defective because not all properly served defendants have timely consented to the removal of this action.

## CASE HISTORY

1.      On or about November 17th 2005 the Plaintiff, Ella Sargent (hereinafter referred to as the "Plaintiff") filed a civil action in the Circuit Court of Tallapoosa County, Alabama against State Farm Fire and Casualty (hereinafter referred to as "State Farm") and Harold Cochran (hereinafter referred to as "Cochran").  (See Exhibit "A")

2.      Cochran was served on November 21st 2005 and State Farm was served on November 22nd 2005 and.  (See Exhibit "B" and "C")

1

3.  28 U.S.C. § 1446(a) required that State Farm and Cochran each file a Notice of Removal, either independently or by unambiguously joining in or consenting to another Defendant's Notice, within the thirty (30) days of service of process, to-wit: December 21st for Cochran and December 22nd for State Farm.

4.  On December 22nd exactly 30 days after being served, a Notice of Removal was filed by the Defendant State Farm in the Circuit Court of Tallapoosa County at Dadeville, Alabama notifying the state court that the Defendant had that day filed its Notice of Removal in the United States District Court for the Middle District of Alabama. (Notice of Removal, Exhibit, "D")

5.  The Notice of Removal was signed by the attorney for State Farm. (Notice of Removal, p.5) The Notice of Removal stated the following:

"Defendant Harold Cochran, as yet unserved, consents to the removal."
(See Notice of Removal, p.1)
This was an incorrect statement on the pleadings. Harold Cochran had **in fact been served** on November 21st, one (1) day before State Farm was served and thirty one (31) days after State Farm filed its Notice of Removal. (See Exhibit "B")

6.  On or about December 22nd 2005 State Farm filed a Notice of Removal in the United States District Court for the Middle District of Alabama. On page five (5) of the Notice the Notice was signed by Michael Beers (attorney for State Farm).

7.  To date State Farm and Cochran have failed to file a Petition for Removal in the United States District Court for the Middle District of Alabama.

8.     On or about December 22nd 2005 State Farm electronically filed an Answer to the Complaint which was signed on page seven (7) by Constance T. Buckalew attorney for State Farm. (See Exhibit "E")

9.     To date Cochran, who was served with the Summons and Complaint on November 21st 2005, has failed to answer the Complaint and is otherwise in default.

## ARGUMENT

10.    28 U.S.C. § 1446(a) requires that each defendant file a Notice of Removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty [30] day period following service of process.  Because the filing requirements contained in 28 U.S.C. § 1446(a) are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or *officially* and unambiguously consents to a removal petition within 30 days of service.
*Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N. D. Ala. 1996).

11.    The Defendant, Cochran failed to comply with the mandatory procedural requirements as set forth in 28 U.S.C. 1446(a) in that he failed to file a Notice of Removal independently and/or it failed to officiously and unambiguously join in or consent to State Farm's Removal within thirty (30) days of being served with the Complaint.

12.    Rule 11, *Fed. R. Civ. P.* further requires that any Consent to Removal, Notice of Removal, or other pleading, motion or paper be signed by either Cochran, as a party defendant or by the attorney of record for Cochran in that attorney's individual name.  The statue clearly requires that the filing be timely made within thirty (30) days of service of process.

13.     In this case Cochran had until December 21st 2005 to file his own Notice of Removal.  Cochran could not join in State Farm's Removal or consent to State Farm's Removal as State Farm did not file their Notice of Removal until thirty one (31) days after Cochran had been served.

14.     State Farm's Notice of Removal in state court and in the United States District Court is defective as to Cochran in that it incorrectly states that Cochran is an unserved defendant when in fact Cochran had been served one (1) day before State Farm.

15.     Further, the Removal Notices are defective in that they violate the requirements of Rule 11, *Fed. R. Civ. P* in that the Removal is not signed by Cochran who to date is not represented by an attorney.  The Removal was signed by Michael Beers who represents State Farm.

16.     On December 22nd 2005 State Farm simultaneously filed with its Notices of Removal its Answer to the Complaint.  The Answer was signed in accordance with Rule 11, *Fed. R. Civ. P.* by Constance Buckalew, as counsel for Defendant, State Farm.  Also listed for attorneys in the Answer are Michael B. Beers and Angela C. Taylor both of counsel for Beers, Anderson, Jackson, Patty & Van Heest, P.C. of Montgomery, Alabama.  None of these attorneys signed an Answer on behalf of Cochran as they do not represent Cochran.

17.     Accordingly, Mr. Beers' signature upon the Notices of Removal filed in state and federal court implies that he represents State Farm and Cochran when in fact State Farm's Answer indicates that Mr. Beers and his firm represent only State Farm.

18.     Further, Rule 11, *Fed. R. Civ. P.* requires a signature in the name of the attorney of records representing a defendant in the attorney's individual name.  Mr. Beers represents in State Farm's Notices of Removal that Cochran was an unserved defendant and thereby indicates that Mr.

Beers is not in fact attorney of record for Cochran. This representation in the Notices of Removal is incorrect as Cochran was a served defendant who had failed to answer the Complaint and was not represented by counsel.

19. Since Cochran was not represented by counsel Rule 11, *Fed. R. Civ. P.* requires that any pleading, motion or paper filed on Cochran's behalf must be signed by Cochran. Cochran failed to meet this requirement.

20. The signature of an attorney upon a document is required under Rule 11(a) and is a representation to this court that said attorney certifies that said document to the best of his or her knowledge, information and belief, formed after inquiry reasonable under the circumstances, is not being presented for any improper purpose. This requirement under the rule is made to ensure that before any motion or petition is filed with the court that said motion or petition was authored and read by the attorney and that the contentions contained therein were intended by the attorney, accurate and correctly made.

21. Cochran was under the obligation to independently file his Notice of Removal. It is undisputed that Cochran failed to do so as required by 28 U.S.C. 1446(a) and Rule 11 of the *Fed. R. Civ. P.*.

22. Cochran attempts to consent to State Farm's Removal without signing such a consent and without joining in to a consent within thirty (30) days from the date he (Cochran) was served. Cochran can not join in or consent to State Farm's Removal as State Farm's Notices of Removal were filed more than thirty (30) days after Cochran was served.

23. The case of *Newman v. Spectrum Stores, Inc.* 109 F. Supp 2d 1342 (M.D. Ala. 2000) is directly controlling on this issue. In the *Newman* case, the court remanded a case where, as here,

a defendant filed a timely notice of removal, but the other defendant failed to file a "timely filed written indication" that it had actually consented to the removal.

      The *Newman* court first reviewed the standard for remand, stating the following:

> Federal courts are courts of limited jurisdiction… As such federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States… Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear... courts, which include the Fifth Circuit Court of Appeals. *See, Getty Oil Corp. [Div of Texaco, Inc. V. Insurance Co. of North Am.]*, 841 F 2d [1254] at 1262, n. 11 [5th Cir. 1988]. In its timely Notice of Removal, Protective Life informs that court that "[a]ll named and served Defendant have consented to and join in the removal of this action…" Notice of Removal at ¶ 1. *This filing was inadequate as to Spectrum... A consent to removal must be filed within thirty days after the first defendant is served*. Protective Life was served on May 3, 2000, sixty-nine days before Spectrum's Consent to Removal was filed. Neither the later filed consent nor the later assertion by counsel that the statement included in the Notice of Removal was authorized can cure the defect. Consequently, the unanimity rule has been violated.

*Newman*, 109 F. Supp. 2d at 1346. (Emphasis added.)

      24.    Applying the standard set forth in *Newman*, the Notice of Removal filed by State Farm was inadequate as to Cochran. Cochran' Consent to Removal had to have been filed within thirty (30) days after Cochran was served. Cochran was served on November 21st 2005, thirty one (31) days before State Farm filed its Notice of Removal. Neither Cochran's Consent to State Farm's Removal nor State Farm's contention that Cochran was an unserved can cure the procedural defect. See *Newman*, supra. The requirements under 28 U.S.C. 1446(a) are mandatory. Further the Eleventh Circuit in *Newman,* mandates that an intention to join in or consent to removal must be made by a "timely filed written indication" that Cochran has actually consented to the removal.

WHEREFORE, THE PREMISES CONSIDERED, there is no federal jurisdiction due to the procedural defect and the case is due to be remanded to the Circuit Court of Tallapoosa County, Alabama.

This Motion for Remand for Procedural Defect is filed in addition to the Plaintiff's Motion for Remand for subject matter jurisdiction previously filed with this court on January 11th 2006.

Respectfully submitted on this the 13th day of January, 2006.

                                               s/ Timothy B. Davis
                                               TIMOTHY B. DAVIS (DAV071)
                                               Attorney for Plaintiff

OF COUNSEL:

DAVIS & DAVIS, LLC
Post Office Box 1778
Alexander City, AL 35011-1778
Telephone: (256) 329-8100
Facsimile: (256) 329-8186

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of January, 2006, I have electronically filed the foregoing MOTION TO REMAND FOR PROCEDURAL DEFECT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Michael B. Beers
Constance T. Buckalew
Angela C. Taylor,
Counsel for Defendant
State Farm Fire and Casualty Company
PO Box 1988
Montgomery, AL  36102-1988

Louie Lee Sims, Jr
126 North Broadnax Street
Dadeville, AL 36853

                                               s/ Timothy B. Davis
                                               OF COUNSEL

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document on the Party Defendant to this cause certified mailing a copy thereof, postage prepaid, to him at his respective addresses on this 13th day of January, 2006.

Harold Cochran
2048 Cherokee Road
Alexander City, AL 35010

                                                    s/ Timothy B. Davis
                                                    OF COUNSEL