# EXHIBIT "A"

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
AT ALEXANDER CITY

ELLA SARGENT a/k/a )
ELLA TATE, being one in the same )
person, )
 )
    Plaintiff, )
 )
v. ) Civil Action Case No.: CV 05-
 )
HAROLD COCHRAN, individually, )
and STATE FARM FIRE AND )
CAUSALITY COMPANY, )
 )
    Defendants. )

## COMPLAINT

### PARTIES

1. ELLA SARGENT, also know as, ELLA TATE being one in the same person is at the time of the filing of this Complaint as resident of Dadeville, Tallapoosa County, Alabama and is over nineteen (19) years of age. (Hereinafter referred to as "PLAINTIFF")

2. HAROLD W. COCHRAN is a resident of Alexander City, Tallapoosa County, Alabama and is over the age of nineteen (19) years. (Hereinafter referred to as "COCHRAN"). At the time of the filing of this action and at all time penitent thereto COCHRAN engaged in the business of selling insurance through his insurance agency in Alexander City, Alabama as an agent for State Farm Insurance Companies.

3. STATE FARM FIRE AND CAUSALITY COMPANY (Hereinafter referred to as "STATE FARM") is a foreign corporation licensed to do business in the

State of Alabama and doing business in Alexander City, Tallapoosa County, Alabama through its agent COCHRAN.

## FACTS

1. On or about January 2nd 2005, PLAINTIFF contacted COCHRAN at his agency in Alexander City, Alabama for the purposes of acquiring homeowners insurance on her home at Route 1, Box 103, Equality, Alabama.

2. On or about January 3rd 2005, COCHRAN came to the home of PLAINTIFF in Equality, Alabama for an inspection of the home and premises for purposes of writing insurance.

3. Thereafter COCHRAN filled in an application for insurance which he submitted to STATE FARM with PLAINTIFF as the sole applicant upon the application.

4. Pursuant to PLAINTIFF's application submitted through COCHRAN, STATE FARM issued a policy of insurance to PLAINTIFF as the sole named insured on the policy which provided homeowners coverage for her home at Route 1, Box 103, Equality, Alabama, to-wit: Policy No.: 01-GL-6766-3.

5. PLAINTIFF made monthly premium payments to STATE FARM by automatic bank draft from her account held at the Bank of Dadeville located in Dadeville, Alabama.

6. On or about July 11th 2005 PLAINTIFF's home burned and was a total loss.

7. After first giving STATE FARM timely notice of the loss, PLAINTIFF filed a claim for homeowner benefits pursuant to her policy with STATE FARM.

8. Thereafter PLAINTIFF timely filed a proof of loss statement, submitted to a sworn deposition and has otherwise fully complied with all terms and conditions of her policy with STATE FARM. To date STATE FARM has failed and/or refused to pay said claim.

## COUNT ONE

9. The Defendant, COCHRAN acting on his behalf and as agent for the Defendant, STATE FARM negligently and/or with reckless disregard for the consequences of his action to the Plaintiff prepared and submitted an application for insurance which he submitted to STATE FARM to insure the home of PLAINTIFF.

10. Based on the application submitted by COCHRAN, STATE FARM issued homeowners insurance policy to PLAINTIFF which insured her home for fire and causality loss.

11. On or about July 11th 2005 PLAINTIFF's home burned and was declared a total loss. PLAINTIFF filed a claim with STATE FARM paid pursuant to her homeowner's policy.

12. As a proximate consequence or result of the negligent and/or reckless conduct of COCHRAN, PLAINTIFF has not been compensated for her loss. As a further result she has suffered financial hardship and suffered extreme mental anguish.

WHEREFORE, the premises considered, the Plaintiff, demands judgment for compensatory damages in excess of $50,000.00, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, she asks the jury that hears this case to award punitive damages in an

amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT TWO

13. The Defendant, STATE FARM issued a policy of insurance to PLAINTIFF to insure her home in Equality, Alabama, to-wit: Policy No.: 01-GL-6766-3 which was in full effect on or about July 11th 2005.

14. On or about July 11th 2005 PLAINTIFF's insured home burned and was a total loss. Pursuant to the terms and conditions of her policy with STATE FARM, PLAINTIFF filed a claim for her loss.

15. Subsequent to the time of the loss and at all time pertinent thereto PLAINTIFF has fully complied with all the terms and conditions of her policy and met all of her contractual obligations.

16. More than sixty (60) days has pass since the loss and STATE FARM has failed and/or refused to seasonably adjust the claim, to pay the claim, and/or failed to act on said claim, all of which conduct combines to constitute a constructive denial of her claim in breach of their contract with PLAINTIFF.

17. As a proximate consequence or cause of the action of STATE FARM, PLAINTIFF has suffered economic loss, financial hardship and extreme mental anguish.

WHEREFORE, the premises considered, the Plaintiff, demands judgment for compensatory damages in excess of $50,000.00, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, she asks the jury that hears this case to award punitive damages in an

amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

Respectfully submitted this the 17th day of November 2005.

_____
ELLA SARGENT a/k/a ELLA TATE
Plaintiff

_____
TIMOTHY B. DAVIS (DAV 071)
Attorney for Plaintiff

OF COUNSEL:

DAVIS & DAVIS, L.L.C.
5 Lee Street
Post Office Box 1778
Alexander City, Alabama 35011-1778
Telephone:   (256) 329-8100
Facsimile:    (256) 329-8186

_____
L. LEE SIMS (SIM026)
Attorney for Plaintiff

OF COUNSEL:

L. LEE SIMS
126 North Broadnax Street
Dadeville, Alabama 36853
Telephone:   (256) 825-9310
Facsimile:    (256) 825-8657

**JURY DEMAND**

COMES NOW the plaintiff in the above-styled cause to demand trial by struck jury.

_____
Timothy B. Davis
Attorney for Plaintiff